FARHANG & MEDCOFF
ATTORNEYS
4801 East Broadway Boulevard, Suite 311
Tucson, Arizona 85711
T: 520.214.2000
F: 520.214.2001

Roscoe J. Mutz (#030696)
rmutz@farhangmedcoff.com
Adam T. Peterson (#033043)
apeterson@farhangmedcoff.com
Jacob R. Valdez (#035634)
jvaldez@farhangmedcoff.com

*Attorneys for Plaintiff Mikki Donley*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mikki Donley, an Individual,<br>Plaintiff,<br>v.<br>American Technologies, Inc., a California Corporation<br>Defendant. | Case No.<br>**COMPLAINT**<br>Assigned to the Honorable |

Plaintiff Mikki Donley, for her Complaint against Defendant, alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Mikki Donley ("Donley") is a married woman who resides in Pima County, Arizona.

2. Defendant American Technologies, Inc. ("ATI") is a California corporation doing business in the State of Arizona.

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the Title VII claims asserted in this action arise under federal law. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state law claims asserted

in this action because they "form part of the same case or controversy under Article III of the United States Constitution."

4. Defendant operates and/or resides in Pima County, Arizona, and caused the events giving rise to this lawsuit to occur in Pima County, Arizona. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

5. On April 29, 2019, Donley began her employment as an Administrative Assistant at ATI.

6. Donley was a reliable and responsible employee, she assumed the responsibilities (but not the official title) of "Project Manager," was never late or written up, and was up for a promotion in the beginning of 2020 into the Catastrophe Mobilization Team ("CAT Team").

7. At all times relevant, one of Donley's supervisors was Office Manager, Jeanna Reeve ("Reeve").

8. Donley also routinely worked closely and directly under the supervision of Project Manager, Ronald James ("James").

9. At all times relevant, James was one of Donley's supervisors, as he controlled hiring, firing, scheduling, and approving Donley's timecards and other work tasks.

10. Throughout Donley's career, James demonstrated a pattern of inappropriate, discriminatory, and abusive behavior towards Donley and, on information and belief, other female ATI employees.

11. On information and belief, ATI was aware of James' inappropriate, discriminatory, and abusive behavior toward certain female employees and did little, if anything, to discipline him or otherwise limit or curtail James' behaviors.

12. James' behavior resulted in disparate and less favorable treatment of Donley and was so severe and pervasive as to result in the creation of a hostile work environment.

13. For example, James repeatedly requested that Donley stay the night with him at a local resort, to "hit the hot tub and bar," and to "get rid of" her husband so he and

Donley could be together. Donley refused and rejected these advances, letting James know they were unwanted, unwelcome, and inappropriate.

14. During a project known as the Hacienda Project, James would repeatedly instruct Donley to postpone or shorten her work trips so that she could visit him at his hotel.

15. Donley again rebuffed James' advances, sending the clear message that they were unwanted, unwelcome, and inappropriate.

16. In retaliation for her refusing his advances, on or about October 19, 2019, James contacted National Project Director, Anthony Colon ("Colon") and requested that Donley be taken off the Hacienda Project.

17. Pursuant to ATI's policies and procedures, Donley reported incidents of harassment to Project Director, Joseph Williams ("Williams").

18. On information and belief, James became aware Donley reported him. Shortly after Donley reported him, James contacted Donley to state that he was "kinda a big deal" and that if she continued to "throw him under the bus," he would destroy her reputation and career with ATI.

19. James sent an email to Donley, Reeve, and Williams cautioning that "being on the radar is easy and probably not a good thing," which Donley reasonably understood as a threat directed towards her for reporting his unwanted, unwelcome, and inappropriate behaviors.

20. Donley contacted Regional Manager, Jason Rains ("Rains") and reported her concerns regarding James' veiled and express threats and her fear that James would retaliate and ruin her chances of moving up in the company.

21. On information and belief, Reeve became aware that Donley reported James' harassing behaviors and threats of retaliation to Williams and Rains.

22. On October 28, 2019, Reeve began to unfairly scrutinize Donley's work and became very hostile and petty. On information and belief, Reeve and James were close friends, and Reeve was unhappy regarding Donley's protected actions to report James.

23. Reeve informed Donley that the only way Donley would ever be considered for a promotion at ATI would be to make amends with James because of his stature in the company.

24. Reeve also stated Donley had "broken his [James'] heart." On information and belief, Reeve referenced Donley rebuffing James' advances with the "broken heart" comment.

25. On or about November 7, 2019, Donley reported the harassing and hostile behaviors by James and Reeve to ATI Human Resources.

26. On information and belief, ATI investigated Donley's allegations.

27. On information and belief, the investigation found Donley's account of events to be credible while finding multiple discrepancies in James' and Reeve's accounts.

28. Pending the investigation, ATI placed Donley on leave.

29. On November 27, 2019, ATI informed Donley about the investigation and ATI's response to same; namely: James would not be terminated, Donley's request for a supervisor other than Reeve was denied, and Donley would return to work under the supervision of Reeve and, potentially, James in the future.

30. On information and belief, after the investigation, Reeve and James did not recommend Donley for a promotion to the CAT Team and further recommended she be removed from working offsite.

31. On November 27, 2019, Donley felt compelled to resign due to the hostile work environment and generally lack of appropriate action by ATI to address James' and Reeve's hostile, harassing, and retaliatory behaviors.

32. As a result of the hostile work environment, harassment, and retaliation, Donley suffered severe emotional distress and other damages to be determined at trial.

**Count I – Sex-Based Discrimination/Harassment in Violation of Title VII**

33. Plaintiff incorporates herein by this reference each and every preceding allegation as if fully set forth herein.

34. Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e, et seq. ("Title VII"), makes it an unlawful employment practice under federal law for an employer to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a)(1).

35. ATI's conduct complained of herein violates Title VII.

36. Donley is female and thus a member of a protected class under Title VII due to her sex.

37. At all times relevant, Donley was performing her job in a satisfactory manner.

38. Donley engaged in protected activity by reporting her complaints of discrimination and retaliation to one of her supervisors, Williams, her Regional Manager, Rains, and directly to ATI Human Resources.

39. ATI failed to appropriately respond to Donley's complaints and constructively discharged Donley in retaliation for her engagement in a protected activity.

40. Donley was treated differently than her similarly situated male colleagues; to wit, James did not subject his male direct reports to the sexual harassment and hostile work environment to which he subjected his female direct reports. In addition, no similarly situated male employees were required to continue to work directly for individuals, such as Reeve and James, that previously harassed and threatened them with adverse employment actions related to engaging in protected activities.

41. Donley reasonably perceived her workplace environment to be offensive, hostile, and abusive, and any objective, reasonable person would agree.

42. The sexually hostile work environment ATI exposed Donley to was intolerable, severe, and permeated with discriminatory intimidation and sexual overtones. The hostile acts and environment Donley faced were so pervasive she felt their effects on a daily basis, such that her conditions of employment were negatively altered, and any reasonable person would consider the same as abusive and utterly unacceptable.

43. The discrimination Donley faced because of her sex was purposeful, calculated, and intended to keep her from enjoying a peaceful and welcoming work environment.

44. ATI's unlawful treatment of Donley caused her significant damage in an amount to be proven at trial. Donley is entitled to all damages recoverable under Title VII including, without limit, those damages arising from wages and benefits not paid for discriminatory reasons, emotional distress and mental anguish, inconvenience, plus interest thereon, and attorneys' fees and costs incurred herein and otherwise incurred by Donley in seeking to vindicate her rights.

45. ATI's unlawful treatment of Donley was gross, wanton, malicious, oppressive, and done with spite, ill will, and reckless indifference to her protected rights. Further, ATI's conduct evinces an evil hand guided by an evil mind. As a result, ATI is liable to Donley for punitive damages, in addition to all other damages, in an amount to be proven at trial.

46. Donley satisfied all legal requirements, including the administrative processes required under federal law, to bring these claims.

**Count II-Sex-Based Discrimination/Harassment in Violation of the ACRA**

47. Plaintiff incorporates herein by this reference each and every preceding allegation as if fully set forth herein.

48. The Arizona Civil Rights Act, codified at A.R.S. § 41-1461, et seq. (the "ACRA"), makes it an unlawful employment practice under Arizona law for an employer to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. A.R.S. § 41-1463(B).

49. Defendant's conduct complained of herein violates the ACRA.

50. Donley is female and thus a member of a protected class under the ACRA due to her sex.

51. At all times relevant, Donley was performing her job in a satisfactory manner.

52. Donley engaged in protected activity by reporting her complaints of discrimination and retaliation to one of her supervisors, Williams, her Regional Manager, Rains, and directly to ATI Human Resources.

53. ATI failed to appropriately respond to Donley's complaints and constructively discharged Donley in retaliation for her engagement in a protected activity.

54. Donley was treated differently than her similarly situated male colleagues; to wit, James did not subject his male direct reports to the sexual harassment and hostile work environment to which he subjected his female direct reports. In addition, no similarly situated male employees were required to continue to work directly for individuals, such as Reeve and James, that previously harassed and threatened them with adverse employment actions related to engaging in protected activities.

55. Donley reasonably perceived her workplace environment to be offensive, hostile, and abusive, and any objective, reasonable person would agree.

56. The sexually hostile work environment ATI exposed Donley to was intolerable, severe, and permeated with discriminatory intimidation and sexual overtones. The hostile acts and environment Donley faced were so pervasive she felt their effects on a daily basis, such that her conditions of employment were negatively altered, and any reasonable person would consider the same as abusive and utterly unacceptable.

57. The discrimination that Donley faced because of her sex was purposeful, calculated, and intended to keep her from enjoying a peaceful and welcoming work environment.

58. ATI's unlawful treatment of Donley caused her significant damage in an amount to be proven at trial. Donley is entitled to all damages recoverable under the ACRA including, without limit, those damages arising from wages and benefits not paid for discriminatory reasons, emotional distress and mental anguish, inconvenience, plus interest thereon, and attorneys' fees and costs incurred herein and otherwise incurred by Donley in seeking to vindicate her rights.

59. ATI's unlawful treatment of Donley was gross, wanton, malicious, oppressive, and done with spite, ill will, and reckless indifference to her protected rights. Further, ATI's conduct evinces an evil hand guided by an evil mind. As a result, ATI is liable to Donley for punitive damages, in addition to all other damages, in an amount to be proven at trial.

60. Donley satisfied all legal requirements, including the administrative processes required under state law, to bring these claims.

**Count III – Retaliation in Violation of Title VII**

61. Donley incorporates herein by this reference each and every preceding allegation as if fully set forth herein.

62. Donley complained to ATI, via one of her supervisors, Williams, her Regional Manager, Rains, and directly to ATI Human Resources, regarding James' improper sexual harassment of women, his threats of retaliation, and the hostile work environment he created for women. Donley also reported Reeve's harassment and threats of retaliation.

63. Donley's complaints to ATI were activity protected under Title VII.

64. ATI retaliated against Donley because she engaged in the protected activity intended to vindicate her rights and those of other females under Title VII.

65. ATI retaliated against Donley as set forth elsewhere herein including, without limit, by constructively terminating her employment, denying her opportunities to take on additional tasks to justify a promotion, and denying her promotion.

66. ATI's unlawful treatment of Donley caused her significant damage in an amount to be proven at trial. Donley is entitled to all damages recoverable under Title VII for retaliation including, without limit, those damages arising from wages and benefits not paid for discriminatory reasons, emotional distress and mental anguish, inconvenience, plus interest thereon, and attorneys' fees and costs incurred herein and otherwise incurred by Donley in seeking to vindicate her rights.

FARHANG & MEDCOFF
ATTORNEYS

67. ATI's unlawful treatment of Donley was gross, wanton, malicious, oppressive, and done with spite, ill will, and reckless indifference to Donley's protected rights. Further, ATI's conduct evinces an evil hand guided by an evil mind. As a result, ATI is liable to Donley for punitive damages, in addition to all other damages, in an amount to be proven at trial.

68. Donley satisfied all legal requirements, including the administrative processes required under federal law, to bring these claims.

**Count IV – Retaliation in Violation of the ACRA**

69. Donley incorporates herein by this reference each and every preceding allegation as if fully set forth herein.

70. Donley complained to ATI, via one of her supervisors, Williams, her Regional Manager, Rains, and directly to ATI Human Resources, regarding James' improper treatment of women, his discrimination against women, and the hostile work environment he created for women. Donley also reported Reeve's harassment and threats of retaliation.

71. Donley's complaints to ATI were activity protected under the ACRA.

72. ATI retaliated against Donley because she engaged in the protected activity intended to vindicate her rights and those of other females under the ACRA.

73. ATI retaliated against Donley as set forth elsewhere herein including, without limit, by constructively terminating her employment denying her opportunities to take on additional tasks to justify a promotion, and denying her promotion.

74. ATI's unlawful treatment of Donley caused her significant damage in an amount to be proven at trial. Donley is entitled to all damages recoverable under the ACRA for retaliation including, without limit, those damages arising from wages and benefits not paid for discriminatory reasons, emotional distress and mental anguish, inconvenience, plus interest thereon, and attorneys' fees and costs incurred herein and otherwise incurred by Donley in seeking to vindicate her rights.

FARHANG & MEDCOFF ATTORNEYS

75. ATI's unlawful treatment of Donley was gross, wanton, malicious, oppressive, and done with spite, ill will, and reckless indifference to Donley's protected rights. Further, ATI's conduct evinces an evil hand guided by an evil mind. As a result, ATI is liable to Donley for punitive damages, in addition to all other damages, in an amount to be proven at trial.

76. Donley satisfied all legal requirements, including the administrative processes required under state law, to bring these claims.

**Jury Demand**

77. Donley requests a jury trial on all issues.

**REQUESTED RELIEF**

**WHEREFORE**, Plaintiff Mikki Donley respectfully requests that the Court:

a) Enter judgment for her and against Defendant on all counts;

b) Award her all recoverable damages, in an amount to be proven at trial;

c) Award her taxable costs and reasonable attorneys' fees incurred during her efforts to resolve these disputes prior to filing this lawsuit, and such costs and attorneys' fees incurred herein, pursuant to 42 U.S.C. § 2000e-5(k), A.R.S. § 41-1481(J) and any other applicable legal right/provision;

d) Award her punitive and/or exemplary damages on all claims under which such damages are available under law in an amount to be determined at trial;

e) Award her pre- and post-judgment interest at the highest rate allowed by law; and

f) Grant her any other relief that the Court deems just and proper under circumstances.

DATED this 23rd day of February 2021.

FARHANG & MEDCOFF

By /s/Roscoe J. Mutz
Roscoe J. Mutz
Adam T. Peterson
Jacob R. Valdez
*Attorneys for Plaintiff*

FARHANG & MEDCOFF
ATTORNEYS